UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
GLORIA DEANNA DICKERSON,                       :
:
:
Plaintiff,        :
:             07 Civ. 11627 (GEL)
-v.-              :
:             **OPINION AND ORDER**
UNITED WAY OF NEW YORK CITY,                   :
:
Defendant.       :
------------------------------------------------------------x

Gloria Deanna Dickerson, pro se.

Katharine H. Parker (Kevin J. Pflug, of counsel),
Proskauer Rose LLP, New York, NY, for defendant.

GERARD E. LYNCH, District Judge:

      Plaintiff Gloria Deanna Dickerson ("plaintiff" or "Mrs. Dickerson") brought this action against defendant United Way of New York City ("defendant" or "United Way"), a not-for-profit corporation and former employer of her husband, Ralph Dickerson, Jr. ("Dickerson"), charging that the United Way violated provisions of the Employee Retirement Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. § 1001 et seq., by paying him some $2,000,000 in benefits upon his retirement in 2005, and by withholding some $200,000 of that amount in payment for a debt owed by him to it. Plaintiff claims that as Dickerson's wife she is entitled to some or all of that money under the provisions of an ERISA-governed Supplemental Executive Retirement Plan ("SERP"). Defendant moves to dismiss the action, among other grounds, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion will be granted.

## BACKGROUND

Dickerson was employed by the United Way and affiliated organizations for some 30 years, ultimately serving as its President. He retired in 2004. In February 2005, after nearly 40 years of marriage to the plaintiff, Dickerson sued for divorce. Several months later, in August 2005, Dickerson and the United Way entered a release agreement pursuant to which Dickerson agreed to accept a lump sum of just over $2,000,000 from the United Way, in exchange for his release of any other claims for pension, severance or any other benefit from defendant. Subsequently, the United Way stopped payment on a check for $200,000, representing a part of this sum, in connection with a dispute arising out of claims by the United Way against Dickerson.[1] In April 2007, this dispute was settled by a second agreement, in which Dickerson agreed to renounce any claim to the $200,000, as well as pay an additional sum of money to the United Way.

Mrs. Dickerson claims that both the payment of the larger sum and the withholding of the smaller without her consent violated her rights under ERISA.

## DISCUSSION

Plaintiff claims that the sums that the United Way agreed to pay to Dickerson in 2005 were the proceeds of a SERP created by defendant for the benefit of senior executives such as Dickerson. At the outset, defendant denies that any such SERP was ever created, asserting that while the United Way for a long period of time considered the creation of such a plan, it never

---

[1] The United Way accused Dickerson of diverting assets to his personal use during his tenure as president of the organization. See Stephanie Strom, United Way Says Ex-Leader Took Assets, N.Y. Times, Apr. 14, 2006, at B5.

actually created or funded any such plan, and that any payments to Dickerson were the result of purely contractual exchanges between it and Dickerson to which ERISA has no application.

Defendant's argument is unavailing at this stage of the litigation. Regardless of whether defendant's motion is characterized as a motion to dismiss under Rule 12(b)(6) or as a motion for judgment on the pleadings under Rule 12(c), the assertion that the United Way never instituted a SERP raises a factual question that may not be resolved without giving plaintiff at a minimum an opportunity for discovery. Plaintiff's complaint alleges that the payments were pursuant to a SERP, an allegation that would have to be taken as true for purposes of a Rule 12(b)(6) motion to dismiss. The August 2005 release agreement between Dickerson and the United Way (Parker Aff. Ex. A), which arguably may be considered by the Court as a document referenced or assumed by plaintiff's complaint, recites a representation by Dickerson that he is not entitled to any retirement or SERP benefits. But this representation, made in an agreement between parties that plaintiff contends were attempting to undermine her rights, can hardly be regarded as authoritative. Plaintiff submits a number of documents in response to the motion, which she characterizes as demonstrating that a SERP was created. While these documents do not clearly establish that defendant ever formally established a SERP, plaintiff is not required at this stage to prove her allegations. In the ordinary course, she would be entitled to discovery to test defendant's contention that it had simply considered establishing a SERP, but never actually did so.

Defendant next argues that, even if plaintiff is correct that the payments to Dickerson represented the proceeds of a SERP, her claim still fails, because she alleges no basis for believing that ERISA provides her with any right to such proceeds. This argument is correct.

3

A SERP or "top hat" plan is

> designed to provide certain employees with payments over and above the benefits provided by "qualified" employee benefit plans – i.e., plans that are eligible for favorable tax treatment. . . . The Internal Revenue Code limits the value of benefits that may be paid under qualified plans, see 26 U.S.C. §§ 401(a)(17), 415 – hence the need for top hat plans when employers wish to provide a higher level of deferred compensation to some of their employees. Top hat plans are exempt from many provisions of ERISA, including the participation and vesting, funding, and fiduciary responsibility requirements, see 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1), but like qualified plans, they are subject to disclosure requirements, to civil enforcement, and to the duty to have a claims procedure, see 29 U.S.C. §§ 1021, 1132, 1133.

Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 217 (2d Cir. 2006). While such a plan is thus "subject to . . . civil enforcement" under 29 U.S.C. § 1132, an action to obtain benefits or enforce rights under such a plan may only be brought by a "participant" or "beneficiary." Id. § 1132(a)(1).

Plaintiff has not alleged that she falls into either category. She is clearly not a "participant" in the alleged SERP, as a participant is defined by statute as an "employee or former employee" who is eligible to receive benefits under an employee benefit plan, 29 U.S.C. § 1002(7), and she does not allege (and apparently it is not the case) that she was ever an employee of the United Way. Nor does she allege that she is a "beneficiary" – defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may be entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Plaintiff does not allege that she was designated a beneficiary of the alleged SERP benefits, by Dickerson or by anyone else. Her apparent contention is not that the SERP provided benefits for spouses or beneficiaries other than the employee himself, or that if it did she was formally designated as the beneficiary of any

4

benefit earned by Dickerson.  Rather, her contention, spelled out in response to defendant's argument on this point, is that any retirement benefits due to Dickerson "would be considered joint marital assets" in the divorce proceedings between herself and her husband (Pl. Aff. Opp. ¶ 4), and that it was therefore wrongful for defendant, which she contends knew of the divorce proceedings, to dispense the funds to Dickerson.

This allegation, however, does not state a claim under federal law.  ERISA limits the alienability of pension benefits for the benefit of surviving spouses, see Boggs v. Boggs, 520 U.S. 833, 844 (1997), but the provision of ERISA that was at issue in that case, 29 U.S.C. § 1055, does not apply to SERP or other top hat plans.  See 29 U.S.C. § 1051(2); Holloman v. Mail-Well Corp., 443 F.3d 832, 841 (11th Cir. 2006).  The nature of the benefits paid by the United Way, and whether those benefits constitute "joint marital assets" under the relevant state law, are questions properly addressed in state court, presumably in the context of the divorce proceedings.[2]  In short, plaintiff's claim, if any, is against her husband, not against the United Way.

---

[2] Defendant includes in its reply brief an argument that one of the documents provided by plaintiff – which appears to be a draft memorandum to defendant from a law firm – is a privileged document that should be stricken from the record and placed under seal. (D. Reply Mem. 5-6.)  Defendant, however, has never filed a properly supported motion for such relief.  Defendant's description of the nature of the document and its history, including the assertion that "[t]he United Way has not consented to a waiver of the privilege" (id. 6) are not supported by any affidavit or other evidentiary submission.  Moreover, while defendant appears to concede that plaintiff obtained the memorandum from her husband, Dickerson, who at the time the memo was drafted "was no longer an officer or employee of the United Way" (id.), it does not allege that Dickerson, then a stranger to the privileged relationship between the lawyers and the United Way, wrongfully obtained a copy of the memorandum, or explain why, if he was given a copy by United Way management, such an action would not constitute a waiver of the privilege.  As the plaintiff, who is unrepresented, unsurprisingly did not seek leave to file a sur-reply, the record is insufficient to conclude that any privilege that may once have applied to this document has not been waived or otherwise lost.  Accordingly, defendant's request is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for failure to state a claim is granted, and the complaint is dismissed.

SO ORDERED.

Dated: New York, New York
April 15, 2008

_____
GERARD E. LYNCH
United States District Judge